UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Century Surety Company,                               Civil No. 06-2545 (JRT/FLN)

    Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

Bridget Ranae Sutherland,

    Defendant.

———

Susan E. Gustad for Plaintiff.
Kenneth R. White for Defendants.

———

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 2, 2007, on Plaintiff's motion for summary judgment [#11]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion be denied.

**I.   FINDINGS OF FACT**

On June 11, 2005, Bridget Sutherland stood at the bar waiting for a drink, when the owner of the bar, Christopher Kuehn, approached her and hit her on the left buttocks with his hand. (Gustad Aff., Ex. B., 22.) Sutherland testified that she experienced shock and pain from Kuehn's contact. (Ex. B., 29.) Sutherland immediately left the bar area to go find her boyfriend in the pool table area of the bar. (Ex. B., 32.)

Kuehn testified that he hit Sutherland to try and get her out of his way as he moved around the crowded bar. (Gustad Aff., Ex. D., 9.) Kuehn testified that he did not intent to hurt or upset Sutherland, but rather intended to get her attention so she would move out of his way. (Ex. D., 9.) Sutherland testified that she did not believe that Kuehn intended to hurt her; rather he intended it

either as a joke or as communicating "hey, how you doing type of thing." (Ex. B., 35.) Sutherland testified that she had witnessed Kuehn make contact with other women's buttocks and they "never told him to stop or they didn't like it so I would assume that it would be a joke." (Ex. B., 31.)

Prior to the incident, a bladder pacemaker had been inserted under the skin of Sutherland's buttocks. (Gustad Aff., Ex. C., 2-3.) Kuehn made direct contact with the pacemaker and the impact caused the pacemaker to fail. (Ex. C., 3-5.) Due to the contact with the bladder pacemaker, Sutherland experienced significant medical problems, which required significant medical procedures to be corrected. (Ex. C., 5-6.)

Sutherland reported the incident to law enforcement eighteen days later on June 29, 2005. (Ex. C., 1.) Sutherland said that the lingering nature of her injuries motivated her to report the incident. (Ex. C., 3.) In addition to reporting the incident to law enforcement, Sutherland commenced suit against Kuehn. (Gustad Aff., Ex. A.)

Sutherland and Kuehn entered into a Miller-Shugart settlement that entitled Sutherland to recover under Kuehn's commercial insurance contract with Century Surety. Century Surety commenced this action for declaratory judgment that they are not required to defend nor indemnify Kuehn because of the assault and battery exclusion provision of their insurance agreement with Kuehn. (Docket No. 1.) The battery exclusion provision reads:

> 1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:
>
> (a) any actual, threatened or alleged assault or battery; . . .
>
> 2. We shall have no duty to defend or indemnify any claim, demand, suits, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

(a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(b) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

(Gustad Aff., Ex. E.)

## II.    STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, " it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper

summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e); see Anderson, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

### III. LEGAL ANALYSIS

Both Plaintiff and Defendant agree that the battery exclusion in the insurance policy is enforceable, therefore, Plaintiff's motion hinges on whether Kuehn's contact with the Defendant constituted a battery. "Under Minnesota law, a battery includes two elements: (1) an offensive or harmful contact; and (2) an intent to cause such offensive or harmful contact." Essex Ins. Co. v. Davidson, 248 F.3d 716, 718 (8th Cir. 2001) (citing Johnson v. Morris, 453 N.W.2d 31, 40 (Minn.1990)). Minnesota has adopted the Restatement (Second) of Torts, which defines offensive contact as "[a] bodily contact [that] offends a reasonable sense of personal dignity." Restatement (Second) of Torts § 19 (1965).

Plaintiff argues that summary judgment is appropriate because Kuehn's actions are offensive as a matter of law and he intended the contact. Plaintiff contends that Kuehn's contact is offensive as a matter of law because no reasonable jury could find that a man's hand hitting a woman's buttocks is not offensive. Plaintiff also contends that all that must be shown for intent is that Kuehn intended to make the contact between his hand and Defendant's buttocks.

Defendant argues that it must be shown that Kuehn intended a harmful or offensive contact. Further, Defendant argues that given the circumstances under which the contact took place, a reasonable jury could find that Kuehn did not intend his contact to be harmful or offensive. Defendant argues that Kuehn regularly made contact with women's buttocks as a method to get them to move out of his way and that such a contact is not necessarily offensive.

In Essex, the Court stated "[it is wrong to] suggest that the battery exclusion applies when there is only an intent to act: a battery necessarily demands either an intent to cause harm or an intent to cause offensive contact." Id. at 719. Therefore, contrary to Plaintiff's argument, more than merely intent to make a contact must be shown. Kuehn must have intended to cause harm or intended an offensive contact.

There is strong evidence that Kuehn did not intend to cause harm. Both the Defendant and Kuehn testified in their depositions that Kuehn did not intend to cause harm. Therefore, the inquiry must focus on whether Kuehn intended to cause an offensive contact.

In this case, a genuine issue of material fact exists as to whether Kuehn intended to cause an offensive contact. Kuehn has stated that his only objective was to get Defendant to move. Sutherland testified that Kuehn regularly made this type of contact with customers who were standing in his way. Whether Kuehn possessed the requisite intent is a question of fact to be resolved by the trier of fact based upon all the surrounding circumstances, therefore, summary judgment is not appropriate.

Plaintiff argues that whether a battery occurred cannot rest on the subjective intent of the batterer . If it did, Plaintiff argues, then Kuehn could pinch, slap, kick or touch Defendant Sutherland in any manner he desired, so long as he testified that he did not intend harm or offense.

Plaintiff's argument ignores the procedural posture of this motion. The Court is not holding that Kuehn's contact was not offensive. Instead the Court is holding that whether Kuehn intended a contact that would offend a reasonable sense of personal dignity under the circumstances established by the evidence is a factual issue to be resolved at trial by the finder of fact.

Plaintiff would have this Court hold that if a man intends to make contact with a woman's buttocks, his intent to offend is established as a matter of law, regardless of the individual facts of any given case. This, the Court is unwilling to do. It may well be that the fact finder at trial will agree with the Plaintiff that the evidence here establishes Kuehn's intent to offend. Regardless of whether it does or doesn't agree with the Plaintiff however, the fact finder here will be deciding a genuine issue of material fact based upon all of the evidence presented at trial, which will include, but not be limited to, Kuehn's testimony regarding his subjective intent.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for summary judgment [#11] be **DENIED**.

DATED: March 14, 2007                  s/ *Franklin L. Noel*
                                                         FRANKLIN L. NOEL
                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 2, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April**

**2, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.