UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CENTURY SURETY COMPANY, | Civil No. 06-2545 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| BRIDGET RANAE SUTHERLAND, | |
| Defendant. | |

Susan E. Gustad, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3701, for plaintiff.

Kenneth R. White, **WHITE LAW OFFICE**, 325 South Broad Street, Suite 203, Mankato, MN 56001, for defendant.

Bridget Sutherland initiated a lawsuit against Christopher Kuehn after he slapped her on the buttocks and caused her bladder pacemaker to fail.  Sutherland and Kuehn thereafter entered into a Miller-Shugart settlement that entitled Sutherland to recover under Kuehn's commercial insurance contract with Century Surety Company.  The insurance contract includes a battery exclusion provision.  Century Surety Company commenced this action for declaratory judgment that the company is not required to indemnify Kuehn because his act falls within the battery exclusion.

Century Surety Company filed a motion for summary judgment, which was referred to Magistrate Judge Franklin L. Noel pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.  Following a hearing, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny Century Surety Company's motion

for summary judgment. This matter is now before the Court on Century Surety Company's objections to the Report and Recommendation. The Court conducted a *de novo* review of Lundberg's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules Century Surety Company's objections and adopts the Report and Recommendation.

## BACKGROUND

On June 11, 2005, Bridget Sutherland stood at a bar waiting for a drink, when the owner of the bar, Christopher Kuehn, approached her and hit her left buttock with his hand. Kuehn testified that he hit Sutherland to get her out of his way, and that he did not intend to offend or injure her. Sutherland testified that she did not believe Kuehn intended to hurt her but that he intended it as a joke. She based her conclusion in part on the fact that she has observed Kuehn make contact with other women's buttocks in the past. When Kuehn hit Sutherland, the force caused the failure of her bladder pacemaker, which was located under the skin of her left buttock. Sutherland subsequently experienced significant medical problems and she underwent corrective medical procedures.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that a reasonable

jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of any reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II.   CENTURY SURETY COMPANY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Given the battery exclusion in the insurance policy, Century Surety Company's motion hinges on whether Kuehn's contact with Sutherland constitutes a battery. "Under Minnesota law, a battery includes two elements: (1) an offensive or harmful contact; and (2) an intent to cause such offensive or harmful contact." *Essex Ins. Co. v. Davidson*, 248 F.3d 716, 718 (8th Cir. 2001). The Magistrate Judge concluded that whether Kuehn intended an offensive contact is a factual issue to be resolved at trial by the finder of fact.

Century Surety Company objects to the Report and Recommendation. Century Surety Company argues that the Magistrate Judge misinterpreted the definition of battery. According to Century Surety Company, the fact that Kuehn did not subjectively intend to offend Sutherland is irrelevant because it is undisputed that he intended to hit her on the buttocks, and that contact demonstrates the requisite intent as a matter of law. Century Surety Company argues that all that must be shown for intent is that Kuehn intended to make the contact between his hand and Sutherland's buttocks.

Century Surety Company is wrong when it argues that a battery occurs when there is only an intent to act. Battery requires intent to bring about the consequences of the act.

Restatement (Second) of Torts § 8A (1965); *Essex Ins. Co*, 248 F.3d at 719 ("[It is wrong to] suggest that the battery exclusion applies when there is only an intent to act: a battery necessarily demands either an intent to cause harm or an intent to cause offensive contact."). The Court also rejects Century Surety Company's invitation to hold as a matter of law that intent to offend can be inferred when a person touches the buttocks of another without consent. The Court agrees with the Magistrate Judge that whether Kuehn possessed the requisite intent is a question for a jury to decide based on all the surrounding circumstances.

Accordingly, plaintiffs' motion for summary judgment is denied. This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** Century Surety Company's objections [Docket No. 28] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 26]. Accordingly, **IT IS HEREBY ORDERED** that Century Surety Company's Motion for Summary Judgment [Docket No. 11] is **DENIED**.


DATED:   May 7, 2007                                             s/ John R. Tunheim _
at Minneapolis, Minnesota.                                      JOHN R. TUNHEIM
                                                                         United States District Judge